**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

EDDIE T. RUFFIN,                                        Case No. 1:97-cv-739

    Plaintiff,                                               Weber, J.
                                                              Bowman, M.J.

    v.

KROGER CO.,

    Defendant.


**REPORT & RECOMMENDATION**

    Plaintiff, proceeding *pro se*, filed suit against his former employer, Defendant Kroger Company, more than 14 years ago, in 1997.  The Defendant's motion for summary judgment was granted on October 7, 1998 (Doc. 29) and the case was thereafter dismissed on the merits.  No appeal was taken, but on April 2, 2002, Plaintiff filed a motion to reopen his case.  That motion was denied on November 12, 2002 by the presiding district judge (Doc. 32).  More than four years later, on December 5, 2006, Plaintiff filed a "Notice of Appeal," seeking to proceed *in forma pauperis*.  This Court denied Plaintiff's motion as untimely and frivolous (Doc. 35), and on April 30, 2007, Plaintiff's appeal was dismissed by the Sixth Circuit Court of Appeals.  (Doc. 36).  Again permitting nearly four years to elapse, on March 16, 2011, Plaintiff filed a new "motion to reopen case" (Doc. 37), in which he seeks to reinstate his previously dismissed case.  As grounds, Plaintiff contends that he was on psychiatric medication in 1998 and "wasn't competent due to medication to make

sound decisions." (Doc. 37 at 1).[1]

Plaintiff's motion to reopen a case dismissed nearly 13 years ago should be denied. Judge Weber's prior analysis, denying Plaintiff's last motion to reopen, applies with equal force to the present motion:

> Plaintiff's Motion must be denied as untimely and for lack of jurisdiction. Judgment was entered in this case ...years before Plaintiff filed his Motion to Reopen.  Plaintiff has therefore failed to file his Motion To Reopen "within a reasonable time..." as required by Fed.R.Civ.P. 60(b).  No other potential jurisdictional basis exists for ruling on Plaintiff's post-Judgment Motion.  *Cf. Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994).

Doc. 32.

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's Motion To Reopen (Doc. 37) be **DENIED.**   If the presiding district judge adopts this Report and Recommendation, the Court should also deny any attempt to appeal *in forma pauperis*, as any appeal would be frivolous and not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Plaintiff attaches as an exhibit correspondence that lists medications that Plaintiff was prescribed "in 1998" but offers no insight into Plaintiff's mental competency while on medication.  Although arguably Plaintiff's alleged incompetency would not alter the disposition of the pending motion, it is worth noting that being prescribed psychiatric medications does not render a person incompetent.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EDDIE T. RUFFIN, | Case No. 1:97-cv-739 |
| Plaintiff, | Weber, J.<br>Bowman, M.J. |
| v. | |
| KROGER CO., | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).